UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LINNELL RICHMOND, JR.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　*Plaintiff*,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　3:08-cv-163
　　　　　　　　　　　　　　　　　　　)　　*Phillips*
　　　　　　　　　　　　　　　　　　　)
DARREN SETTLES, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　*Defendants*.　　　　　　　　 )

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, in which plaintiff alleges he was assaulted by correctional officers on September 12, 2007, while incarcerated in the Brushy Mountain Correctional Complex. Plaintiff further alleges he was placed in a dry cell without running water and without a mattress, blanket or sheets; that his personal property, clothes and toiletries were removed from the cell; and that for several days thereafter he was denied breakfast and/or lunch, as well as the opportunity to shower. From the record as a whole, it appears plaintiff was placed in disciplinary segregation as a result of an altercation with correctional officers, from which arises his assault allegation. The matter is before the court on numerous non-dispositive motions filed by the parties.[1]

---

[1] Each side has also filed a motion for summary judgment. The court will not address the motions for summary judgment in this Memorandum.

Plaintiff has filed a motion asking the court to direct the staff at Brushy Mountain Correctional Complex (BMCX) to feed him his meals and to allow him his daily exercise; a motion for the court to order the defendants from using disciplinary procedures against him in retaliation for filing his complaint; a motion to compel BMCX staff to allow him the use of the law library; and a motion for the court to issue an order preventing BMCX staff from placing plaintiff in a behavioral management cell. Defendants' motion for extension of time to file affidavits in response to plaintiff's motions for injunctive relief [Court File No. 28] will be **GRANTED NUNC PRO TUNC** as of August 13, 2008.

In response, *inter alia*, the defendants note that plaintiff has been transferred to Riverbend Maximum Security Institution and that his motions are now moot. Under the circumstances, plaintiff's motions for injunctive relief [Court File Nos. 9, 18, 32, and 37, respectively] will be **DENIED** as **MOOT**. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

In addition, the court notes that "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policy and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Thus, absent extraordinary circumstances, this court will not interfere in the day-to-day operations of the prison system.

2

Plaintiff has filed numerous motions asking the court to review various disciplinary convictions against him for major misconduct. Plaintiff alleges the manner in which his hearings were conducted violated his rights to due process and that, as a result of the convictions, he has served time in punitive segregation. Plaintiff also moves to amend five of the motions for judicial review and to submit exhibits in support of seven of the motions for judicial review. The motion to amend five of the motions for judicial review [Court File No. 35] and the motion to submit exhibits [Court File No. 66] will be **GRANTED**.

The court first notes that the allegations in these motions are unrelated to the allegations of the original complaint. In addition, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court changed the methodology a court must employ in determining whether a state has created a protected liberty interest entitling an inmate to the procedural protections afforded by the Due Process Clause. Although the states may, under certain circumstances, create protected liberty interests through prison regulations, the court should no longer examine the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion but rather should focus on the particular discipline imposed and ask whether it presents an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. *See also Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) ("The plaintiff's placement in

administrative segregation was not an atypical and significant hardship, as intended by *Sandin*, within the context of his life sentence.").

Plaintiff's placement in punitive segregation does not state a claim for relief and he was not entitled to the protections of due process in the disciplinary hearings. Plaintiff's motions seeking judicial review of disciplinary decisions [Court File Nos. 21, 22, 23, 24, 58, 61, and 62] will be **DENIED**.

Plaintiff has filed a motion to amend his declaration to read that he was not fed on June 24 and June 30, 2008, instead of June 24 and July 30, 2008. It is not clear to which declaration plaintiff refers, since he does not identify the declaration in question. However, to the extent it is relevant, plaintiff's motion to amend his declaration [Court File No. 47] will be **GRANTED**.

Plaintiff has filed a motion to amend the complaint to add John Doe defendants and to add as defendants George M. Little, the Commissioner of the Tennessee Department of Correction, and James Worthington, the Warden of Brushy Mountain Correctional Complex, based upon their responsibility for prison operation and the welfare of inmates. Plaintiff has not stated any claim against the John Doe defendants. With respect to Commissioner Little and Warden Worthington, in a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of*

4

*Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff's motion to amend the complaint to add the John Does defendants, Commissioner Little and Warden Worthington [Court File No. 49] will be **DENIED**.

Plaintiff has filed additional motions to amend the complaint, in which he complains of actions taken against him in June, July, August, September, and December, 2008. The allegations of the proposed amendments to the complaint are unrelated to the allegations of the original complaint. Accordingly, the motions to amend the complaint [Court File Nos. 50, 55, 75, and 80] will be **DENIED**.

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary at this time to insure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Court File No. 64] will be **DENIED**.

The defendants have filed a motion for extension of time in which to respond to plaintiff's requests for production of documents. The motion [Court File No. 73] will be **GRANTED NUNC PRO TUNC** as of December 5, 2008.

The defendants have filed a motion to take plaintiff's deposition. The motion [Court File No. 74] will be **GRANTED**. Defendants' counsel should arrange for the taking of plaintiff's deposition at a time and place convenient with the appropriate officials of the Tennessee Department of Correction and upon notice to the plaintiff. Fed. R. Civ. P. 30(a). The defendants shall furnish a copy of the deposition to plaintiff, if it is transcribed, within 15 days thereafter at no charge to plaintiff.

The defendants have filed a motion for extension of time to file the affidavit of Patricia Redmon in support of their motion for summary judgment. The motion [Court File No. 87] will be **GRANTED NUNC PRO TUNC** as of January 9, 2009.

Plaintiff has filed a motion for extension of time to respond to the defendants' motion for summary judgment. The motion [Court File No. 89] will be **GRANTED**. Plaintiff shall have thirty (30) days from the date of this Memorandum within which to file his response to the defendants' motion for summary judgment.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                  s/ Thomas W. Phillips
                                                  United States District Judge