UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LINNELL RICHMOND, | ) | |
|---|---|---|
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | 3:08-cv-163 |
| DARREN SETTLES, et al., | ) ) ) | *Phillips* |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion for summary judgment filed by the defendants, plaintiff's response thereto, plaintiff's motion for summary judgment, and defendants' response thereto. For the following reasons, plaintiff's motion for summary judgment [Court File No. 91] will be **DENIED** and defendants' motion for summary judgment [Court File No. 83] will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id.* 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36.

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc*., 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. The defendants are correctional officers Janice Sexton, Frank Conlon, Roscoe Byrd, Amanda Dagley, Unit Manager Darren Settles, and Counselor Roger Duncan.

Plaintiff brought this action for an alleged assault by correctional officers on September 12, 2007, during his confinement in the Brushy Mountain Correctional Complex.

Plaintiff specifically alleged that on the date in question, while he was being escorted back from the visitation gallery in full restraints, defendant Redmon tripped plaintiff causing him to fall. Defendant Conlon along with other prison officials then battered plaintiff with their fists and feet. According to plaintiff, he was seen by nurse Patricia Redmon and then placed in a shower to be strip searched. [Court File No. 3, Complaint, pp. 3-4].

Plaintiff further alleged that, after the assault, defendants Settles and Duncan ordered plaintiff held in the shower until defendants Sexton and Dagley removed all of his personal property from his cell. Plaintiff alleged that he was then placed in a dry cell without running water and without a mattress, blanket or sheets; that his personal property, clothes and toiletries were removed from the cell; and that for several days thereafter he was denied breakfast and/or lunch, as well as the opportunity to shower. [*Id.* at 4-6].

The defendants admit that an altercation occurred, in that plaintiff assaulted defendant Redmon on September 12, 2007; that defendants Redmon, Conlon, and a third officer used against plaintiff only that amount of force necessary to restore discipline and order; that plaintiff was placed on behavioral management segregation from September 12 through September 17, 2007; and that plaintiff pleaded guilty to the disciplinary charge of assault on staff. [Court File No. 83, Affidavit of Jonathan Redmon, p. 1]. The defendants contend that plaintiff did not suffer more than *de minimis* injuries as a result of the altercation and that his placement in behavioral modification did not violation his constitutional rights.

4

III.   Discussion

*A. Use of Force*

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." However, "not every intrusion upon a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Pursuant to the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has interpreted § 1997d(e) to require a prisoner bringing any claim under the Eighth Amendment to show an actual physical injury. *See Scott v. Churchill*, No. 97-2061, 2000 WL 519148 at *3 (6th Cir. April 6, 2000) (unpublished decision) ("prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim"); *Thaddeus-X v. Wozniak*, No. 99-1720, 2000 WL 712383 at *3 (6th Cir. May 23, 2000) (unpublished decision) (a prisoner "must show that he

5

suffered more than de minimis injury" in order bring an Eighth Amendment claim for physical injury); *Tensley v. Perry*, No. 97-2280, 1999 WL 96986 at *1 (6th Cir. February 2, 1999) (unpublished decision) ("42 U.S.C. §1997e(e) now requires that a prisoner show actual physical injury to recover for violations of his Eighth Amendment rights").

In considering what constitutes an actual physical injury, the Fifth Circuit has held:

> In the absence of any definition of "physical injury" in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus* [sic], but need not be significant.
>
> We conclude that Siglar's alleged injury--a sore, bruised ear lasting for three days--was *de minimis*. Siglar has not raised a valid Eighth Amendment claim for excessive use of force nor does he have the requisite physical injury to support a claim for emotional or mental suffering. We therefore hold that the district court did not abuse its discretion in ordering the dismissal of Siglar's claims.

*Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (citation omitted). The U.S. District Court for the Northern District of Texas has observed that "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997).

Plaintiff did not state in his complaint the extent of his injuries from the alleged assault, other than to say that he was caused pain. [Court File No. 3, Complaint, p. 4]. In support of the motion for summary judgment, the defendants have filed the affidavit of

6

Patricia Redmon, who states that she is a registered nurse at Brushy Mountain Correctional Complex; attached to her affidavit are copies of the Accident/Incident/Traumatic Injury Report involving Linnell Richmond dated September 12, 2007, and copies of the medical records of Linnell Richmond from September 2, 2007, through February 22, 2008. [Court File No. 88, Affidavit of Patricia Redmon, p. 1].

According to the Accident/Incident/Traumatic Injury Report, plaintiff's version of the incident was as follows: "I got a few scratches from the floor and my knee hurts from where the officers put me down on the floor." [*Id.*, Exhibit]. The report also quoted plaintiff as saying "I know my body I am ok, just a little scratch here and there." [*Id.*]. The report further noted that Ms. Redmon examined plaintiff and found "small superficial abrasions" on plaintiff's elbow and shoulder but "no redness, swelling, heat or abrasion" on plaintiff's knee. [*Id.*].

Ms. Redmon testifies that plaintiff did not seek further treatment after his initial treatment on September 12, 2007. [*Id.*, Affidavit, p. 1]. Plaintiff's medical records confirm Ms. Redmon's testimony as well as the fact that plaintiff suffered only minor abrasions. [*Id.*, Exhibit]. Based upon the foregoing, the court finds that plaintiff has failed to support his claim that he was subjected to the use of excessive force. The defendants are therefore entitled to judgment as a matter of law on the excessive force claim.

### B. Conditions of Confinement

Conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition of cruel and unusual punishment. Although there is no test by which a court can determine whether conditions of confinement are cruel and unusual, a court must consider whether the conditions involve an "unnecessary and wanton infliction of pain". *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Nevertheless, conditions of confinement may be "restrictive and even harsh" and yet not violate the constitution. *Id*. at 347.

The length of time that an inmate is subjected to certain conditions of confinement is relevant in determining whether the confinement meets constitutional standards. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension").

> It is clear that an inmate may challenge the conditions of his confinement as violative of the Eighth Amendment's prohibition against cruel and unusual punishment. One challenging his conditions of confinement on this basis must satisfy a two-part inquiry. The first part is objective, that is, the inmate must demonstrate that he has been subjected to specific deprivations so serious as to deny him the minimal civilized measure of life's necessities. Complains of routine, as opposed to extreme, discomforts will not state a claim under this test as routine discomfort is accepted as part of the penalty that a criminal must pay. Neither will a prisoner be heard in this context if his complaint is based on a number of totality of conditions of confinement unless those conditions, in combination, have a "mutually enforcing effect" that in fact produces the aforementioned deprivation of an identifiable human need. The second part of the test is subjective. The inmate must show that the prison

8

officials had a culpable state of mind. Liability cannot be predicated on negligence alone; the inmate must demonstrate that prison officials acted with wantonness or deliberate indifference to his constitutionally protected needs.

*Barajas v. Michigan Department of Corrections*, No. 93-1512, 1994 WL 88827 at *2 (6th Cir. March 17, 1994) (unpublished decision), (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (internal citations omitted).

With respect to plaintiff's allegations concerning his placement in a dry cell without his personal property, the defendants have submitted the affidavit of Darren Settles; a copy of the Behavioral Management Placement Report for plaintiff on September 12, 2007, and a copy of the Segregation Unit Record for plaintiff for the period September 7 through September 22, 2007, are attached to the affidavit. [Court File No. 83, Motion for Summary Judgment, Exhibit 2, Affidavit of Darren Settles].

Defendant Settles testifies that, as shown by these documents, plaintiff was placed on behavioral management segregation the morning of September 12, 2007, after assaulting defendant Redmon; plaintiff was allowed to keep his boxer shorts and a t-shirt and all other property was removed from his cell. That evening, plaintiff was given two paper sheets; the next evening plaintiff was given a blanket and mattress. Plaintiff was taken off behavioral management on September 17, 2007, and his property returned to him. [*Id.* at 1-2].

Defendant Settles further testifies that plaintiff refused his breakfast tray on September 13, 14, 15, and 16; he refused his dinner tray on September 13, 14, and 17; and he refused his supper tray on September 12 and 21. Nevertheless, plaintiff accepted at least one meal

9

tray each day. [*Id*. at 2]. Defendant Settles also testifies that plaintiff took a shower on September 10, September 17, September 19, and September 21, 2007. [*Id*. at 2].

The court has reviewed the records attached to the affidavit of defendant Settles and finds that the records support his testimony. Under the circumstances, plaintiff's placement in behavioral modification for six days did not constitute cruel and unusual punishment in violation of the Eighth Amendment. The defendants are entitled to judgment as a matter of law on this claim.

IV.     Conclusion

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**. The plaintiff's motion for summary judgment will be **DENIED**. This action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

            s/ Thomas W. Phillips
            United States District Judge